IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD MURRAY,

                Plaintiff,

      v.                                CASE NO.  07-3242-SAC

RAYMOND ROBERTS, JR.,
et al.,

                Defendants.

### O R D E R

    This civil rights complaint, 42 U.S.C. 1983, was filed by an inmate of the Larned Correctional Mental Health Facility, Larned, Kansas (LCMHF).  Plaintiff sues Warden Roberts and Dale Call, the mail room supervisor, at the El Dorado Correctional Facility (ECF). Plaintiff asserts defendants violated his right to court access and retaliated against him for exercising his "First Amendment rights of redressing grievances."  He also asserts a "state law tort" of property deprivation.

    As the factual basis for his complaint, Mr. Murray alleges that on April 18, 2006, Robert Sapien ordered the confiscation of two boxes of his legal materials, which included transcripts, legal papers, exhibits, notes and other items "pertaining to active cases."  He further alleges that as a result he was prevented from filing a Petition for Review in his direct appeal, citing <u>State v. Murray</u>, Case No. 04-93060, and "is unable to prosecute several cases."  Plaintiff also alleges that "U.T. Parke" refused to mail his summary judgment reply brief in <u>Murray v. Edwards Co.</u>, Case No. 05-1046-JTM.

    The court notes that plaintiff does not name either Mr. Sapien

or Mr. Parke as defendants herein. With respect to the named defendants, plaintiff's allegations are that they refused to mail various legal documents in various cases on nine different dates beginning on January 10, 2007.

Plaintiff seeks a declaratory judgment that denial of his property claim, refusal to return his two boxes of legal materials, and charging him $490.18 "for the confiscated materials is extortion" and constitutes the tort of deprivation of property. He further claims these acts and defendants' refusal to mail legal materials have violated his right of access to the courts. He seeks an injunction ordering the return of his two boxes of legal materials and a credit to his account for $490.18. He also seeks compensatory and punitive damages.

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff has also filed an Application to Proceed Without Prepayment of Fees, and has provided a copy of his Inmate Account Statement in support as required. The financial records submitted by plaintiff indicate he is without funds to pay the filing fee or a partial fee at this time. However, plaintiff is reminded that pursuant to 28 U.S.C. 1915(b)(1), he remains obligated to pay the full $350.00 filing fee in this civil action. The granting of leave to proceed in forma pauperis merely entitles him to pay the filing fee over time with periodic payments from his inmate trust fund account as detailed in 28 U.S.C. 1915(b)(2).

Plaintiff has an outstanding fee obligation of $135.00 in Case No. 04-3443, and collection action in this case shall begin upon

plaintiff's satisfaction of that prior obligation. The Finance Office of the facility where plaintiff is currently incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the outstanding filing fees have been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**SCREENING**

Because Mr. Murray is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

**DEPRIVATION OF PROPERTY CLAIM**

Plaintiff's claim of deprivation of property is subject to be dismissed for failure to state a federal constitutional violation. Even accepting plaintiff's allegations as true that his property was confiscated by Mr. Sapien and has not been returned, the State of Kansas as well as the KDOC provide post-deprivation remedies for property loss. The U.S. Supreme Court has plainly held that an

3

unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 532-34 (1984). Plaintiff's recourse may be to file an action for property loss in state court.

**PERSONAL PARTICIPATION OF DEFENDANTS**

In order to hold defendants liable for civil rights violations, plaintiff must allege facts showing their personal participation in the acts which he claims were unconstitutional. Plaintiff does not allege the personal participation of either named defendant in the confiscation of his two boxes of legal materials or the refusal to mail his summary judgment reply brief in Murray v. Edwards Co. Sheriff's Dept., Case No. 05-1046-JTM (now consolidated for trial with Case No. 04-1298-JTM). Instead, he alleges these acts were taken by Robert Sapien and U.T. Parke, who are not named as defendants. It appears Mr. Murray seeks to assign liability for these acts to the named defendants based upon their supervisory capacities. However, it is well settled that liability under Section 1983 cannot be based upon supervisory capacity alone. Accordingly, plaintiff's claims based upon the alleged actions of Mr. Sapien and U.T. Parke are subject to being dismissed. Plaintiff will be given time to allege facts showing the personal participation of the named defendants in these particular claims.

**DENIAL OF ACCESS AND RETALIATION CLAIMS**

As noted, those acts which plaintiff does describe as personally taken by defendants Roberts and Call are their refusal to mail various legal documents in 2007 to state courts and materials to the "Joint Committee on special Claims Against the State." However, plaintiff does not allege that he suffered any actual injury from the acts of these particular defendants, such as the dismissal or impediment of any of his state cases or claims.

It is well-established that a prison inmate has a constitutional right of access to the courts. However, to state a claim of denial of that right, the inmate must allege that the acts of defendants hindered his efforts to pursue a legal claim, causing him "actual injury." Lewis v. Casey, 518 U.S. 343, 348, 350 (1996). He may do so by alleging actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a non-frivolous legal claim has been dismissed, frustrated or impeded. Id. at 350, 353. Plaintiff will be given time to demonstrate how his state cases and claims were actually impeded by the alleged denials of access by the named defendants.

Plaintiff's allegation of retaliation is completely conclusory, and is not sufficient to state a federal constitutional claim.

In sum, plaintiff will be given time to show cause why his claim of deprivation of property should not be dismissed for failure to state a constitutional due process violation, why his claims regarding confiscation of his property and failure to mail a pleading to federal court should not be dismissed for lack of personal participation by the named defendants, and why his other

claims of denial of access should not be dismissed for failure to allege actual injury. If plaintiff fails to cure these deficiencies in his complaint in the time allotted by the court this action may be dismissed without further notice.

Plaintiff's motion for appointment of counsel is denied, without prejudice. He has no right to appointment of counsel in a civil action, and appears to be capable of presenting facts in support of his claims.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to show cause why this action should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that plaintiff's application for leave to proceed in forma pauperis (Doc. 2) is granted, that collection of the outstanding fees in his prior action and this action should commence and proceed until collected in full, and that plaintiff's motion for appointment of counsel (Doc. 4) is denied, without prejudice.

The clerk is directed to transmit a copy of this Order to the financial officer at the institution where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 8th day of November, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge