IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD MURRAY,

                Plaintiff,

       v.                            CASE NO.  07-3242-SAC

RAYMOND ROBERTS, JR.,
et al.,

                Defendants.

### O R D E R

In this civil rights action, 42 U.S.C. § 1983, plaintiff, an inmate at the Hutchinson Correctional Facility (HCF), sues Warden Raymond Roberts, Jr., and mail room supervisor Dale Call at the El Dorado Correctional Facility (EDCF). Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages based on his claims of denial of access to the courts and tortious deprivation of personal property.

On November 8, 2007, upon screening the complaint pursuant to 28 U.S.C. § 1915A(a) and (b), the court found that plaintiff had not alleged "actual injury" in connection with his denial of access claims, citing <u>Lewis v. Casey</u>, 518 U.S. 343, 348, 350 (1996). The court further found that plaintiff's claim of tortious deprivation of property was subject to being dismissed for failure to state a federal constitutional claim, citing <u>Hudson v. Palmer</u>, 468 U.S. 517, 532-34 (1984). In addition, the court found plaintiff failed to allege personal participation by defendants in the confiscation

of plaintiff's two boxes of legal papers, and in the refusal to mail plaintiff's summary judgment reply brief in another federal civil action (Murray v. Edwards Co. Sheriff's Dept., Case No. 05-1046-JTM)(consolidated with Case No. 04-1298-JTM and dismissed on summary judgment for lack of claim of physical injury and lack of constitutional merit), published at 453 F.Supp.2d 1280 (D.Kan. 2006), aff'd, 248 Fed.Appx. 993 (10th Cir. Oct. 1, 2007), Petition for Certiorari Filed (Jan. 25, 2008).  Plaintiff was given time to show cause why his claims should not be dismissed based upon these findings.

Plaintiff filed a timely response, in which he argues that his complaint should not be dismissed because it contains facts sufficient to enable defendants to file an Answer, which is all that is required by the Federal Rules of Civil Procedure (FRCP). He asserts that his complaint cannot be dismissed on the ground that it is conclusory or fails to allege facts.  With regard to his denial of access claim, plaintiff argues that he made sufficient allegations of "actual injury" in that he stated he is "unable to prosecute several cases" and "has missed filing deadlines" due to the confiscation of his legal papers.  He also argues that "the complaint alleges" both defendants "refused to mail" a new lawsuit, "a state law tort for property deprivation," to the Butler County District Court on April 19, 2007, and "a clear pattern of both defendants refusing to mail legal materials to several courts on numerous occasions."

In Christopher v. Harbury, 536 U.S. 403 (2002), the United

States Supreme Court held that plaintiffs asserting a denial of access-to-courts claim are required to describe "in the complaint": (1) a nonfrivolous, arguable underlying cause of action and (2) the actions by officials that frustrated the plaintiff's litigation of that action.  Id. at 415.  "[T]he predicate claim (must) be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."  Id.  Plaintiff must also show that relief sought in prior litigation is no longer obtainable in that or another lawsuit.[1] Mr. Murray has not provided any facts regarding the particular claims that allegedly were impeded by defendants' actions or inactions.  Without an adequate description of a particular claim, this Court cannot determine whether or not the claim was frivolous or "more than hope."

The allegations plaintiff makes concerning refusal by defendants to mail several legal documents are troubling. However, under Lewis, it takes more than proof of interference with legal mail to state a federal constitutional claim of denial of access to the courts. Plaintiff's litigious history in the state and federal courts, of which this court takes judicial notice[2], calls this claim into question.  In federal court under the name of Ronald

---

[1] "[T]he complaint should state the underlying claim" that was allegedly compromised "just as if it were being independently pursued." Christopher, 536 U.S. at 417.

[2] See Stutzka v. McCarville, 420 F.3d 757, 760 FN 2 (8th Cir. 2005); Graham v. Smith, 292 F.Supp.2d 153, 155 FN2 (D.Me. 2003); see also Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001); Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1279-80 (11th Cir. 1999).

3

Murray, he is shown as a party in nine cases[3]. The court finds from the docket sheet in <u>Murray v. Edwards County Sheriff's Dept.</u>, Case No. 04-1298 (lead case consolidated with Case No. 05-1046 cited by plaintiff), that plaintiff filed two replies to Defendants' Response to his Motion for Summary Judgment. The court allowed him to file oversized pleadings, and the first was described as not exceeding 58 pages (Doc. 217), while the second was a total of 85 pages (Doc. 229). Thus, these federal court records show that, rather than having been prevented from filing his Reply in this particular case as plaintiff implies in his complaint, he was able to file 143 pages in reply. Moreover, he properly sought an extension of time from that court in which to file his Reply (Doc. 223), which was granted. The court concludes that no injury resulted from Parke's refusal on one date to mail Mr. Murray's reply brief in Case No. 05-1046.

Plaintiff alleges that the confiscation of his boxes of legal materials by Sapien prevented him from filing a Petition for Review in his direct appeal, and cites Kansas Appellate Courts Case No. 04-93060. However, he does not allege that he filed a motion in his direct appeal stating he was unable to file a Petition for Review due to Mr. Sapien's actions. Nor does he suggest how the lack of specific materials, immediately after litigating his appeal

---

[3] In one of those cases, Murray is not actually a party but has filed a motion for permissive joinder, yet to be ruled upon. <u>Livingston v. Roberts, et al.</u>, 07-3255 (filed 10/09/07). The court finds herein that at least one case, <u>Murray v. Dupree, et al.</u>, 04-3443 (D.Kan., Apr. 26, 2005), should be designated as a "strike" for purposes of 28 U.S.C. § 1915(g), as it was dismissed on immunity grounds under 28 U.S.C. § 1915(e)(2)(B)(iii).

to the KCOA, impeded his ability to file a Petition for Review. The court concludes that plaintiff's claims regarding Case No. 05-1046 and his direct criminal appeal should be dismissed because no actual injury to either of those cases is alleged as well as because no personal participation is alleged in these particular actions on the part of the named defendants.[4]

Moreover, plaintiff's claims for injunctive relief against the named defendants are moot since he has been moved from the EDCF. With regard to plaintiff's claims for money damages, he fails to state sufficient facts in support despite being given additional time and direction to do so. Clearly, prison officials' refusal to mail legal documents, if without a rational or overriding penological basis, is not to be condoned. Nevertheless, Supreme Court precedent has plainly established actual injury as a necessary element of a denial of access claim. Thus, individual officials may be held liable for a violation of the federal constitutional right of access only if the inmate proves prejudice or actual injury resulted to a nonfrivolous lawsuit. This court reasonably ordered Mr. Murray to state more than conclusory allegations with respect to these elements of his claim of denial

---

[4] While plaintiff admits that defendant Roberts' involvement has been limited to his administrative denial of plaintiff's grievances and property claim, he argues that this amounts to sufficient personal involvement. However, the review and denial of administrative grievance appeals alone does not establish personal involvement in the alleged underlying unconstitutional conduct.

of access[5].

In his Response, plaintiff mainly argues that he may not be legally required to allege more facts than he has already. The court rejects plaintiff's arguments that he did not need to allege facts showing actual injury in his in forma pauperis complaint[6]. Plaintiff's argument based on Rule 8, FRCP, that his complaint cannot be dismissed as conclusory ignores 28 U.S.C. § 1915A(a). Under Section 1915A(a), this court has a responsibility to screen a complaint in which a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." On screening, the court "shall" dismiss the complaint at any time the court determines the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The court is also required by 28 U.S.C. § 1915(e)(2)(B) to dismiss a cause of action filed in forma pauperis against any defendant at any time the court determines one of the above grounds for dismissal exists. Meeting the "short and plain statement" pleading requirement of FRCP 8 does not equate to stating a cause of action cognizable under 42 U.S.C. § 1983.

---

[5] Even though Mr. Murray alleges he has exhausted administrative remedies on defendants' refusal to mail legal documents, he provides no hint as to the results of his grievances.

[6] Plaintiff cites <u>Crawford-El v. Britton</u>, 523 U.S. 574 (1998), as authority for his argument that there are no special pleading rules for prisoner civil rights cases. However, that case involved a dismissal based upon pleading requirements fashioned by courts, not Congress. The screening provisions enacted by Congress as part of the PLRA were not discussed. Furthermore, this court has not suggested that plaintiff's complaint is deficient because he failed to allege an improper motive on the part of any defendant or facts to withstand a qualified immunity defense, as was the basis for the decision in <u>Crawford-El</u>.

Whether the plaintiff "fails to state a claim upon which relief can be granted" is determined under the same standard as a motion to dismiss pursuant to FRCP Rule 12(b)(6)[7].  A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).  This does not mean that plaintiff may allege no facts, and the court is left to speculate that a set of facts might exist which, if proven, would entitle plaintiff to relief.  While a pro se plaintiff's complaint must be broadly construed under this standard, Haines v. Kerner, 404 U.S. 519, 520 (1972), the "broad reading" dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  Hall, 935 F.2d at 1110.  The reviewing court "will not supply additional factual allegations to round out a plaintiff's complaint. . . ."  Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

The court also rejects plaintiff's argument that he has sufficiently pled actual injury by stating that defendants refused to mail his legal documents to various courts, without allegations that a particular action was nonfrivolous and how not mailing

---

[7] The "standard for dismissal for failure to state a claim is essentially the same under" both FRCP Rule 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii).  Curley v. Perry, 246 F.3d 1278, 1283 (10th Cir.), cert. denied, 534 U.S. 922 (2001).

particular documents prejudiced or hindered that particular case[8]. For example, plaintiff claims that defendants Roberts and Call refused to mail "legal documents" to county district courts on January 10, 2007, and June 11, 2007. However, he does not describe the documents beyond labeling them as legal, and provides no facts describing the case or cases in which they were submitted. Nor does he allege any facts indicating prejudice to a case as a result of these documents not being mailed on these dates.

Plaintiff alleges that on May 4, 2007, defendants refused to mail "legal materials" to the Kansas Appellate Courts for Case No. 06-97733. The court takes judicial notice of state appellate court docketing records available on-line regarding this particular case. Those records show that plaintiff was able to file a Response in this case on May 15, 2007, that the appeal proceeded, and that Mr. Murray currently has a Petition for Review pending therein, which he filed on December 26, 2007. Thus, it does not appear that this particular action was impeded, even accepting that defendants acted improperly in refusing to mail plaintiff's "legal materials."

Plaintiff claims that defendants failed to mail legal documents to the Butler County District Court for Murray v. COI Hudgins, Case No. 07-CV-66 on two dates: March 22, 2007, and June

---

[8] Plaintiff was advised in the court's prior Order that he could satisfy the actual injury requirement by alleging prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a non-frivolous legal claim has been dismissed, frustrated or impeded. Lewis, 518 U.S. at 350, 353.

8

18, 2007. However, he does not describe the substance of the documents, the nature of the suits, or the result of these documents not being mailed on these dates. Thus the complaint fails to allege either that the suits were nonfrivolous or that there was actual injury.

Plaintiff alleges that defendants refused to mail materials to the Joint Committee on Special Claims Against the State, but does not allege any facts establishing that a nonfrivolous lawsuit filed by him was hindered as a result.

Plaintiff alleges that on June 6, 2007, defendants refused to mail his "motion to correct an illegal sentence to the Appellate Courts for Case No. 03-CR-22 State v. Murray." On-line appellate court records indicate Mr. Murray has litigated and appealed post-conviction motions in his criminal case[9] and other matters. He provides no facts whatsoever from which this court might determine that his 2007 motion was nonfrivolous and was not, or could not have been, filed on another date.

Plaintiff alleges that defendants refused to mail "new lawsuits" to the Butler County District Court on February 14, 2007,

---

[9] See Kansas Appellate Courts (**http://judicial.kscourts.org:**7780/pls/coa2/clerks_office.request_case): Appellate Case No. 99557, Murray v. Kansas (K.S.A. 60-1507, cause scheduled for hearing June 25, 2008); Appellate Case No. 93060, State v. Murray, 130 P.3d 593 (Table, KCOA, Mar. 24, 2006)(direct appeal); see also Appellate Cases Nos. 97733 and 97734, Murray v. Kansas, 171 P.3d 285 (Table, KCOA, Nov. 30, 2007)(K.S.A. 60-1507); Appellate Case No. 95002, Murray v. Roberts, 131 P.3d 570 (Table, KCOA, Apr. 7, 2006)(K.S.A. 60-1501, aff'd in part, rev'd in part); Appellate Case No. 93,036, Murray v. Kinsley Police Dept., 111 P.3d 663 (Table, KCOA, May 20, 2005)(§ 1983 rev'd & rem'd); Appellate Case No. 98903, State v. Murray (crim. appeal, cause scheduled for hearing Mar. 19, 2008); Appellate Case No. 96355, Murray v. Roberts, 152 P.3d 111 (Table, KCOA, Feb. 23, 2007), rev.den'd, June 21, 2007 (K.S.A. 60-1501).

and on April 19, 2007. However, he alleges insufficient facts describing these new lawsuits and their nonfrivolous nature. Plaintiff has managed to file other lawsuits in Butler County District Court, and does not allege that he sought any assistance from the Butler County Court in getting these two cases docketed.

The court has carefully considered the allegations of the complaint together with plaintiff's Response to the court's show cause order. The court find that the complaint, as supplemented in response to the court's Order, fails to allege sufficient facts to state a cause of action of denial of access to the courts. The court concludes this claim must be dismissed under 28 U.S.C. § 1915A(b)(1).

Plaintiff's claim of retaliation was found to be deficient because it was completely conclusory. Plaintiff alleged no facts indicating that he took certain actions against defendants which they then retaliated against. Plaintiff has alleged no additional facts in his Response to cure this deficiency.

The court also concludes that plaintiff's claim of tortious deprivation of property must be denied for failure to state a federal constitutional claim for reasons stated in its prior Order. 28 U.S.C. § 1915(A)(b); 42 U.S.C. 1997(e)(c)(1).

**IT IS THEREFORE ORDERED** that this action is dismissed and all relief is denied for the reasons stated herein and the court's Order of November 8, 2007.

Copies of this Order shall be transmitted to plaintiff and to the Finance Office of the facility where plaintiff is currently

10

incarcerated.

**IT IS SO ORDERED.**

Dated this 9th day of April, 2008, at Topeka, Kansas.
s/Sam A. Crow
U. S. Senior District Judge

incarcerated.

**IT IS SO ORDERED.**

Dated this 9th day of April, 2008, at Topeka, Kansas.

    s/Sam A. Crow
U. S. Senior District Judge